## Kulick v. Triple A Alarm Co.

462

*Enid W. Harris,* for plaintiffs.
*Robert D. Schaub,* for defendant.

BROMINSKI, *J.,* February 3, 1987 — This matter comes before the court upon plaintiffs' motion to determine sufficiency of defendant's objection to request for admissions.

The general objection to plaintiffs' requests is that they were served on December 17, 1986. The certificate of readiness was filed on November 1, 1985, and case pretrial on May 1, 1986. Also, the case appeared on the trial list on June 16, 1986, October 6, 1986, and January 26, 1987. Therefore, the objection is that the requests were not timely filed.

Pa. R.C.P. 4014 governs request for admissions; and although the rule does provide, under these circumstances, when they shall be filed, they are discovery rules. Rule 212(a) of the local rules of the Court of Common Pleas of Luzerne County provides:

"Rule 212. Pretrial Conference —

"(a) *Completion of Discovery and Praecipe for Trial* —

"Except upon motion and for good cause shown, each party to a civil action shall complete discovery within *six months* of the date of the last pleading.

Thereafter, any party may file a praecipe for trial which certifies that all pretrial motions have been disposed of, that discovery is complete, and that the case is ready for trial. Every civil action shall have a lawyer's and judge's pretrial conference." (emphasis supplied)

Further, rule 212(d) provides:

"(d) *Judge's Pretrial Conference* —

"The judge's pretrial conference shall be attended by trial counsel, the litigants, and a representative from any involved insurance carrier who shall have settlement authority. The judge shall attempt to achieve an amicable settlement of the controversy in suit. If settlement is not possible, *then an effort shall be made to narrow legal issues,* to reach stipulations as to facts not in controversy, *and in general to shorten the time and expense of trial.* The court shall enter a written pretrial order to become part of the record in the case embracing all stipulations, *admissions,* and other motions which may have come before it." (emphasis supplied)

Certainly, these rules dictate that requests for admissions are a vital part of the pretrial conference, so that the pretrial conference judge can narrow the contested and non-contested issues and expedite trial.

These local rules are not inconsistent with the Pa.R.C.P. rule 4014(d) which refers to rule 212 and states:

"Rule 212. Pretrial Conference —

"In any action the court, of its own motion or on motion of any party, may direct the attorneys for the parties to appear for a conference to consider:

"(a) The simplification of the issues;

. . .

"(c) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;"

We are called upon to technically answer the question of when requests for admissions are to be filed. The answer is that they are classified as discovery and should be filed before the certificate of readiness is filed.

Accordingly, we enter the following

### ORDER

Now, February 3, 1987, it is hereby ordered, adjudged and decreed that defendant's objection to plaintiffs' request for admissions is sustained.